## Metcalf, Assignee, *v.* Officer & Pusey.

*(Circuit Court, D. Iowa.  ——, 1880.)*

Dormant Partner—Evidence—General Reputation—While evidence
  of general reputation may not be admissable to *prove* a partnership,
  still it may be competent upon the issue as to whether a *member* of a
  firm is a dormant partner.

Same—Ostensible Partner—Name not in Firm Style.—A partner is
  not to be deemed dormant because his name does not appear in the firm
  style; nor is it necessary to constitute one a dormant partner that
  his membership be universally unknown. It is sufficent if he is not an
  ostensible partner

Bankruptcy—Fraudulent Preference.—To constitute, a payment
  made, a fraudulent preference, under the bankrupt law, it is necessary to
  be shown that the person to whom payment was made had reasonable
  cause to believe the debtor insolvent, and knew that a fraud upon the
  bankrupt law was intended.

Same—Same—Sufficiency of Evidence.—Evidence in this case held
  sufficient to sustain the verdict that a payment made was a fraudulent
  preference under the bankrupt law.

Motion for new trial.

*C. C. Cole,* for motion.

*Mr. Cummings, contra.*

NELSON, D. J. 1. The first issue for the jury to determine —"Is Mrs. M. E. Mead a secret or dormant partner of the firm of A. Bernard & Co.?"—was fairly and properly submitted. I have reviewed the charge to the jury, and the testimony upon that issue, and find no error. While it is true that general reputation is not admissible, in aid of other testimony, to *prove* a partnership, yet, when the issue is of the character presented here, and the inquiry is whether a *member* of a partnership is a dormant partner, such general evidence is admissible.

The definition of a dormant partner sanctions such proof. He is one whose name and transactions are unknown to the world, at least to such extent that he cannot be regarded an ostensible partner. It is a question of fact for the jury to determine, although the style of the partnership indicated to the world that more than one might be members of the copartnership; and the same class of testimony which would justify a jury in deciding whether a plaintiff knew a defendant was a partner, is competent and admissible to determine whether a partner is dormant.

The evidence of general knowledge in the community was introduced for the purpose of showing the relation of Mrs. M. E. Mead to the partnership; that instead of being an active and ostensible partner she was a dormant and secret one.

The counsel for the defendants urge that, the style of the firm being A. Bernard & Co., Mrs. M. E. Mead could not in law be a dormant parter. This is the substance of the claim, although with this qualification: "In a partnership between two persons only, under the style of A. Bernard & Co., one of them cannot, in law, be a dormant partner." I agree with counsel that the legal presumption is that both members of a partnership, composed of two persons under such style, are to be deemed ostensible partners; yet the right to

prove that under such style one of the members is a dormant partner is not concluded where more than two persons may compose the firm, and when more than two had been adjudged bankrupts as members of the firm.

The authorities only go to the extent that because a partner's name does not appear in the firm style he is not, on that account, to be deemed a dormant partner, and, therefore, under the style "& Co.," all the actual partners are regarded in law, members sustaining the same relation to the copartnership as if their names were expressed, and are not dormant partners. But it is not necessary that a member of a partnership should be universally unknown to constitute him a dormant partner. If he is not an ostensible partner it is sufficient. See *Goddard* v. *Pratt,* 16 Pick. 429; 2 Harris & Gill, 172; 20 Vt. 110, and authorities cited; 30 N. Y. 374–80; 5 Gill, J. 383.

2. The next and last issue for the jury—"Was the payment to the defendants a fraudulent preference under the bankrupt law?"

It is urged that the verdict is against the evidence upon this issue. It was necessary for the plaintiff to prove, *inter alia,* that the defendants had reasonable cause to believe that the firm of A. Bernard & Co. was insolvent, and also that the defendants knew that a fraud on the bankrupt act was intended by the payment made to them. These are independent facts, and both must concur to sustain the verdict; and if the evidence does not show that the defendants had knowledge of an intended fraud upon the bankrupt law, as well as reasonable cause to believe the insolvency of A. Bernard & Co. at the time of payment, a new trial should be granted.

The defendant Pusey was consulted by A. Bernard with reference to the sale of his stock situated in the store at Council Bluffs, or in Nebraska. He knew the firm was embarrassed, and a portion of its indebtedness was overdue. It cannot be said there was not sufficient evidence to induce a reasonable belief that the firm was insolvent. The facts and

circumstances were sufficient to create not merely a suspicion, but belief of insolvency.

Did the defendants know a fraud upon the bankrupt law was intended? They certainly had reasonable cause to believe that by this payment other creditors would be deprived of an equal distribution in the assets of the firm. Pusey testified, "he was of the impression that some one would suffer;" that is, the circumstances and facts within his knowledge produced the effect upon his mind that by this payment to himself and Officer other creditors would suffer.

The amendment to the bankrupt act substituting "knowledge" in the place of "reasonable cause to believe," in this section, was undoubtedly intended to uphold payments which might be fraudulent before the amendment, and since the amendment such facts and circumstances must exist as would induce not merely belief, but knowledge, that a fraud on the act was intended. The principal circumstance to prove this was that Pusey knew there were other creditors who would be deprived of their right to an equal distribution of the proceeds of the bankrupt's estate. The evidence on this point is not doubtful. Pusey admitted it. 15 B. R. 168; 16 B. R. 93; 17 B. R. 163; 16 B. R. 275.

Motion for new trial denied.